362 So.2d 1371 (1978)
STATE of Louisiana
v.
Mark A. BURGE and Anthony Wayne Morrow.
No. 61533.
Supreme Court of Louisiana.
September 5, 1978.
Rehearing Denied October 19, 1978.
*1373 Wendell E. Tanner, Slidell, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Julian J. Rodrigue, Asst. Dist. Atty., Abbott J. Reeves, *1374 Director, Research and Appeals Division, Asst. Dist. Atty., Woodrow W. Erwin, Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Mark Burge and Anthony Wayne Morrow with aggravated kidnapping and aggravated rape, violations of LSA-R.S. 14:44 and R.S. 14:42, respectively. After a joint trial, the jury found Burge guilty of both charges and Morrow guilty of aggravated kidnapping and forcible rape. The court sentenced defendant Burge to two consecutive life sentences without benefit of parole, probation, or suspension of sentence. Defendant Morrow was sentenced concurrently to life imprisonment without benefit of parole, probation, or suspension of sentence for aggravated kidnapping and to twenty years imprisonment for forcible rape.
Defendants appeal their convictions and sentences, relying upon seventeen assignments of error.[1]
The context facts are that on July 28, 1976, defendants placed a sharp object at the throat of a female shopper as she returned to her car. The two then forced the woman into the passenger side of the vehicle and drove her to a deserted area, where she was beaten and raped. Afterwards, the victim was released; she identified the defendants as the culprits.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendants complain that the trial court erred in denying the motion to suppress the inculpatory statements made by the defendants. Defendants argue that the police officers should have informed sixteen-year-old Morrow that he had a right to talk to his parents and to have them present during the "interrogation." State, in the Interest of Dino, La., 359 So.2d 586 (1978).
The Dino guidelines dealt specifically with the police interrogation of a juvenile. Here, however, the police were not interrogating Morrow. The police had arrested him and had advised him of his Miranda rights. He was immediately placed in the police car, and there he made an entirely unsolicited, inculpatory statement that he had participated in the rape and kidnapping.
All three officers present at the time Morrow made his statement testified emphatically that he had not been questioned, threatened, or abused.
Thereafter the officers drove to a nearby trailer and arrested Burge and then proceeded to Morrow's mother's place of employment to inform her of her minor son's arrest. There his mother was brought to the side of the police car, and in the presence of the three officers Morrow again told his mother that he had committed the offense.
Both of Morrow's statements were unsolicited; therefore, our Dino rules relating to the interrogation of a juvenile are inapplicable. The trial court, therefore, properly denied defendants' motion to quash those two statements.[2]
Assignments of Error Nos. 1 and 2 are without merit.

ASSIGNMENTS OF ERROR NOS. 3, 4, 5, 6, AND 7
In these assignments, defendants complain of the denial of their motion to quash and alternative motions to sever. They argue that because Morrow was a sixteen-year-old juvenile at the time of the offense, the unconstitutional aggravated rape and alleged unconstitutional aggravated kidnapping death penalties should have precluded Morrow from being tried in district court.
*1375 At the time of the offense, defendant Morrow, age sixteen, was a juvenile and subject to the jurisdiction of the juvenile court except in certain statutorily delineated instances. LSA-R.S. 13:1570 provides in pertinent part:
"Except as otherwise provided herein, the [juvenile] court shall have exclusive original jurisdiction in proceedings:
"A. Concerning any child whose domicile is within the parish or who is found within the parish:
"(5) who violates any law or ordinance, except a child who, after having become fifteen years of age, is charged with having committed a capital crime. . . . (Emphasis added.)
Defendants' motions to quash are based upon the absence of a valid penalty for the aggravated rape charge, denying the district court of jurisdiction. Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977).
It is well accepted that an offense retains its "capital" nature within the meaning of LSA-R.S. 13:1570 even though the death penalty is no longer available because of constitutional infirmity. State v. Hills, La., 354 So.2d 186 (1977); State v. Moore, La., 340 So.2d 1351 (1976); State v. Smith, La., 339 So.2d 829 cert. denied, 430 U.S. 986, 97 S.Ct. 1685, 52 L.Ed.2d 381 (1977).
Moreover, we have consistently held that although the death penalty may be unconstitutional, the prosecution for the offense is nonetheless valid. Where necessary, an improper death sentence is vacated, and the case is remanded for resentencing to the most serious penalty for the next lesser included offense. State v. Craig, La., 340 So.2d 191 (1976); State v. Lee, La., 340 So.2d 180 (1976); State v. Sledge, La., 340 So.2d 205 (1976).
We note, however, that defendant Burge was improperly sentenced. At the time of the offense (July, 1976), there was no alternative life sentence available to the jury, as the offense preceded the effective date of LSA-C.Cr.P. Art. 905.6, October 1, 1976. Accordingly, we must vacate Burge's life sentence for aggravated rape and remand to the trial court for resentencing for the most serious penalty for the next lesser included offenseattempted aggravated rape. LSA-C.Cr.P. Art. 814 as amended by Acts 1973, No. 126, § 1.
In any event, regarding the remaining charge, aggravated kidnapping is a capital offense where, as here, the victim was not released unharmed.
Therefore, Assignments of Error Nos. 3, 4, 5, 6, and 7 are without merit.

ASSIGNMENTS OF ERROR NOS. 8, 10, AND 11
In Assignment of Error No. 8, defendant complains of the prejudicial effect of the State's incorrect legal statement of the law during the voir dire examination.
The alleged improper statement deals with LSA-R.S. 14:15, which provides:
"The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:
"(1) Where the production of the intoxicated or drugged condition has been involuntary, and the circumstances indicate this condition is the direct cause of the commission of the crime, the offender is exempt from criminal responsibility.
"(2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime."
During voir dire examination, the prosecutor misstated LSA-R.S. 14:15 as follows:
"Now Article 15 which Mr. Tanner read you concerns an intoxicated or drugged condition of the offender at the time of the commission of the crime. The law says that, it is immaterial where it is involuntary, but where it is voluntary, it says it must be to such an extent that it has precluded the presence of a specific *1376 criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime.
"Now would you consider the crimes themselves in reaching this determination in order to determine what intent is necessary and if there is any special knowledge necessary to commit the crime before you would reach the determination that if the self-induced intoxication or drugged condition is so great that it could repair their ability to distinguish between right and wrong? Do you understand my question?"
Voluntary intoxication cannot excuse the crime, but it can be a defense to an offense which requires specific intent or special knowledge if the intoxication precluded the capacity to form that intent. State v. Scott, La., 344 So.2d 1002 (1977); State v. Boleyn, La., 328 So.2d 95 (1976).
Although the prosecutor improperly combined two insanity tests, the prospective juror, when asked by the court, stated that she was not confused. Moreover, the correct explanation was repeated during closing argument and during the jury charge.
Assignment of Error No. 8 is without merit.
Similarly, Assignment of Error No. 10 dealt with the same issue. It arises out of the following prosecutional statement made during voir dire examination:
"The Judge will also tell you that it's my job representing the people to prove the guilt of both of these defendants to your satisfaction beyond a reasonable doubt and, on the other hand, as a plea of not guilty by reason of insanity has been interposed, it is the defendants' burden to prove the insanity or the inability to perform the specific intent or required knowledge at the time of the commission of the crime to your satisfaction by a preponderance of the evidence."
The prosecutor correctly stated that it is defendants' burden to prove insanity by a preponderance of the evidence. LSA-C. Cr.P. Art. 652; State v. Rollins, La., 351 So.2d 470 (1977); State v. Daigle, La., 344 So.2d 1380 (1977); State v. Vincent, La., 338 So.2d 1376 (1976).
Assignment of Error No. 11 was based on the following statement made by the prosecutor during voir dire examination concerning the plea of not guilty and not guilty by reason of insanity:
"In other words, he is saying on the one hand, I'm not guilty, the defendants aren't; on the other hand, I'm guilty, but I didn't know what I was doing."
Defense counsel objected and moved for a mistrial. Defense counsel complained that the importance of that statement was that the defendants had admitted committing the crime.
In State v. Clark, La., 305 So.2d 457 (1974), we stated that a plea of "`not guilty and not guilty by reason of insanity' is tantamount to an alternative admission of the criminal conduct." The defense contends that the State's failure to explain the "alternative" nature of the charge was prejudicial.
We disagree. After this objection, the court removed the jury, heard the arguments, and then correctly explained the nature of the plea and admonished them not to interpret the plea as an admission of guilt.
Assignments of Error Nos. 8, 10, and 11 are without merit.

ASSIGNMENT OF ERROR NO. 12
In Assignment of Error No. 12, defendant complains that the trial court erred in sustaining the State's hearsay objection to this question relating to the defendants' intoxication: "Did they [defendants] convey to you the reason why?"
The jury was retired, and defendants argued that the answer was admissible as part of the res gestae and as an admission against interest.
LSA-R.S. 15:447 and 15:448 are relevant to defendants' hearsay objection. The statutes provide, respectively:

*1377 "Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence."
"To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."
The statement is not res gestae because it occurred several hours before the offense and there is nothing to indicate that the offense had been planned at that time.
Moreover, even if the statement was admissible to show the defendants' states of mind at the time of the offense and it was improperly precluded, no prejudice resulted. The defendants successfully introduced independent evidence from several other witnesses that the defendants were very intoxicated immediately before and after the offense.
Assignment of Error No. 12 is without merit.

ASSIGNMENTS OF ERROR NOS. 9 AND 15
Herein defendants complain of the bifurcated aspects of the aggravated kidnapping trial proceedings against them. Specifically, they protest the impropriety of the prosecutor's reference to the bifurcated trial in the voir dire and the actual sentencing hearing on the aggravated kidnapping conviction.
Initially, we note that the statute prohibiting aggravated rape, LSA-R.S. 14:44, provides that:
"Whoever commits the crime of aggravated kidnapping shall be punished by death; provided that if the kidnapped person is liberated unharmed before sentence is imposed then the sentence of death shall not be given but the offender shall be sentenced to life imprisonment at hard labor."
Defendants correctly note that they committed the offense prior to the October 1, 1976, effective date of LSA-C. Cr.P. Art. 905 et seq., the articles under which the defendants' aggravated kidnapping sentence was determined. However, the sentencing hearing being procedural in nature, is governed by the time of trial.
In State v. Sepulvado, La., 342 So.2d 630 (1977), we examined the procedural and substantive aspects of statutory law as follows:
"Procedural laws relate exclusively to questions of remedy and, in criminal cases, pertain to the method prescribed for the conduct of the prosecution. Enactments of this nature may regulate the mode of prosecution after their effective date and not offend the prohibition against ex post facto laws, for no one has a vested right in a mere mode of procedure. Todd v. State, 228 Ga. 746, 187 S.E.2d 831 (1972). See also Fithian v. Centanni, 159 La. 831, 106 So. 321 (1925).
"On the other hand, liability for criminal conduct attaches at the moment that the crime is committed. Therefore, laws passed after the offense may not work to either redefine or increase the severity of punishment for the crime. To do so would impair substantive rights. Such a law would violate the prohibition against ex post facto laws of the Louisiana and the United States Constitutions."
In the instant case, the sentencing hearing does not increase the severity of punishment for the crime. On the contrary, it allows the jury an option to recommend a life sentence rather than have the trial court sentence the defendants to death where, as here, the victim was not released unharmed but was raped and beaten. Without the benefit of LSA-C.Cr.P. Art. 905 et seq., the court must sentence defendants to death under LSA-R.S. 14:44.
We have consistently held that the applicability of statutory changes in procedure is determined by the trial date. See State v. *1378 Jackson, La., 344 So.2d 961 (1977); State v. Clark, La., 340 So.2d 208 (1976); State v. Marmillion, La., 339 So.2d 788 (1976).
Assignments of Error Nos. 9 and 15 are without merit.

ASSIGNMENTS OF ERROR NOS. 16, 17, 18, AND 19
The remaining assignments of error deal with the trial court's alleged improper sentencing of the defendants. Both defendants complain of both their sentences. They argue that the court erred in reasoning that if the sentence is invalidated, the defendant can be resentenced to the most serious penalty for the next lesser included offense.
As noted in Assignments Nos. 3 and 4, defendant Burge properly contests the correctness of his aggravated rape sentence. He, therefore, must be resentenced.
However, Morrow having been found guilty of forcible rape, a lesser included offense, was properly sentenced to twenty years.
Defendants also argue that they were improperly sentenced under an unconstitutional aggravated rape statute in that it provides for capital punishment. Although we have upheld the constitutionality of the aggravated kidnapping statute when attacked on other grounds, this Court has never been presented with this specific constitutional challenge. See State v. Edwards, La., 287 So.2d 518 (1973).
However, petitioners' allegation is now moot. In light of their bifurcated trial (sentencing hearing), the defendants were neither exposed to nor given an unconstitutional death sentence. As LSA-C.Cr.P. Art. 905 et seq. was applied, defendants cannot now be heard to complain.
For the reasons assigned, the convictions are affirmed. However, defendant Burge's life sentence for aggravated rape is vacated, and his case is remanded for resentencing consistent with the views herein expressed. In all other respects, the defendants' sentences are affirmed.
DENNIS, Justice, concurring.
Accepting the interpretation of the evidence adopted by the court, I agree that the requirements of Dino were not violated. If the police officers had no opportunity to bring about a conference between the juveniles and their parents or attorneys before the confessions were blurted out, and if the officers engaged in no conduct or omission of conduct which could have induced the confession there could have been no violation of the juvenile's constitutional rights.

On Application For Rehearing
PER CURIAM.
In our original opinion we stated that the then sixteen year old defendant, Morrow, had not been questioned by the police who arrested him. Officers Moore and Hostetter, who arrested Morrow, so testified both at the hearing on the motion to suppress and at the trial. They both testified that Morrow made an entirely unsolicited culpatory statement that he had participated in the crime charged.
On application for rehearing, the defendants note that, through clerical inadvertence, the trial transcript did not include the testimony of a third arresting officer, Lt. Humphries of the Slidell police. The record was accordingly supplemented. The testimony of Lt. Humphries does indicate (as the appellant suggests) that Morrow was questioned by the other officers after he had been given his Miranda warnings.
However, this witness, who was driving the car also admitted that his recollection was not clear in all details as to the occurrence some sixteen months earlier. (He had not testified at the earlier hearing on the motion to suppress.) He also stated, "I don't recall whether or not they [the other officers] made any questions. I don't recall. I know I asked him about his whereabouts the night before." Tr. 17, supplemental transcript. The officer also testified, however, that Morrow's oral statement was in response to a question, although he did not know whose. Tr. 21.
*1379 Insofar as the issue on appeal (whether the juvenile was questioned in the absence of his parents) the testimony above noted is troubling insofar as it is at variance with the testimony of the other two officers that the juvenile spontaneously blurted out an admission that he had participated in the crimes, after he had been arrested and given his Miranda warnings and had at first remained silent. Their testimony, however, is consistent both at the earlier hearing on the motion to suppress and at the trial on the merits, while Lt. Humphries (who was driving the vehicle) admitted that his recollection was not entirely certain as to detail.
We conclude that, under all of the circumstances and evidence reflected by the record, including the officers' testimony taken at the hearing on the motion to suppress, we were not in error in concluding that the record reflects no questioning of the juvenile Morrow by the arresting officers. The application for rehearing is denied.
APPLICATION FOR REHEARING DENIED.
NOTES
[1] Defendants originally assigned nineteen errors. Assignments of Error Nos. 13 and 14 were specifically abandoned.
[2] Two other statements, one of them taped, were discussed in the motion to suppress hearing, but they were not introduced at trial. All objection to the Burge statements was apparently abandoned. Burge's allegations of error arise from the prejudicial effect of the admissibility of Morrow's statements.