390 So.2d 510 (1980)
STATE of Louisiana
v.
John Paul TOLBERT.
No. 67504.
Supreme Court of Louisiana.
November 10, 1980.
Robert L. Kennedy, Thomas G. Wilson, Colfax, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Billy G. Lutes, Dist. Atty., Joseph P. Beck, II, Asst. Dist. Atty., counsel for plaintiff-appellee.
WATSON, Justice.
Defendant, John Paul Tolbert, indicted for second degree murder, was convicted of manslaughter, in violation of LSA-R.S. 14:31, by a ten to two jury vote. He was sentenced to eighteen years at hard labor and has appealed, assigning four errors in the trial court.

FACTS
On July 17, 1976, Tolbert shot and killed Hildred Phillips in a barroom known as McKinney's Cafe or Jake's Place. Richard McKinney, the proprietor of the barroom, was involved in a dispute with Virginia Aaron Jenkins. Tolbert undertook the defense of Virginia, and Phillips took up the quarrel on behalf of his cousin McKinney. Phillips and Tolbert had not had any prior differences, although they had known each other for many years. The two had words and Tolbert pushed Phillips to the floor. Tolbert then reached for his gun, but dropped it. Tolbert put his feet over the gun, then picked it up, and fired one shot at Phillips before leaving the scene. The bullet pierced Phillips' aorta and he bled to death. Tolbert fled the jurisdiction and visited the states of Washington and Alaska before being apprehended by the FBI in New Orleans in the fall of 1979. Tolbert testified that he thought Phillips was reaching *511 for a gun, and he shot in self-defense. Most of the witnesses indicated that Phillips had given up the quarrel and was lying cravenly on the floor. Phillips had been armed on another occasion but was without a weapon when he was shot.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the trial court erred in allowing the prosecutor to read LSA-R.S. 14:20(3) to a prospective juror in the presence of other jurors and misinform them about the duty to retreat. LSA-R.S. 14:20(3) states:
"A homicide is justifiable when committed against a person whom one reasonably believes to be likely to use any unlawful force against a person present in a dwelling or place of business while committing or attempting to commit a burglary of such dwelling or business. The homicide shall be justifiable even though the person does not retreat from the encounter."
The prosecutor told a prospective juror, Mrs. Soja N. Collins, that one who can retreat and end a conflict is required to do so unless in his own home or place of business, reading from LSA-R.S. 14:20(3). The jury was instructed at that point that the lawyer's arguments about the law were not to be taken as evidence and that the judge would tell them the law. Later, during her voir dire examination, Mrs. Collins and the other jurors present were instructed by the judge that:
"... A homicide is justifiable if committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger.
* * * * * *
"... The danger need not have been real as long as the defendant reasonably believes that he was in actual danger.
* * * * * *
"... some factors you should consider in determining whether the defendant had a reasonable belief that the killing was necessary are one, the possibility of avoiding the necessity of taking of human life by retreat.
* * * * * *
"... Two, the excitement and confusion of the occasion.
* * * * * *
"Three, the possibility of preventing the danger to himself by using force less than killing.
* * * * * *
"... And the other, the defendant's knowledge of his assailant's dangerous character.
* * * * * *
"... and those are ... some of the reasons you would have to take into consideration." (Tr., pp. 448-450)
The jurors were told that the feasibility of retreat is only one factor in assessing a defendant's guilt. The erroneous implication by the prosecutor that there is a categorical duty to retreat was clarified both at voir dire and in the later charge to the jury. The prosecutor's misstatement of the law did not prejudice the defendant. State v. Burge, 362 So.2d 1371 (La.,1978). Moreover, on the evidence presented, the jury could not reasonably have believed that Tolbert acted in self-defense.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant contends that the trial court erred in not charging the jury with requested special charge number three, a lengthy explanation of self-defense. The substance of special charge number three was included in the general charge and the special charge was superfluous. LSA-C. Cr.P. art. 807.
This assignment of error lacks merit.

ASSIGNMENTS OF ERROR NUMBER THREE AND FOUR
Defendant requested two jury charges to the effect that lack of motive is *512 a circumstance favorable to the accused and may be considered as mitigating against specific intent.[1]State v. Mart, 352 So.2d 678 (La.,1977) held that a defendant was entitled to those charges to modify a general charge on motive. The trial judge here correctly concluded that the two charges were not pertinent because there was no general charge on motive and no significant evidence of lack of motive.
These assignments of error lack merit.
For the foregoing reasons, the conviction and sentence of defendant, John Paul Tolbert, are affirmed.
AFFIRMED.
NOTES
[1] Special requested charges 4 and 5 read as follows:

"SPECIAL CHARGE REQUESTED CHARGE NUMBER 4
"While it is true that crimes are committed without any apparent motive and while proof of motive is never essential to conviction, the failure on the part of the prosecution to prove any fact calculated to have produced this condition of mind in the accused to commit the crime is a circumstance favorable to the accused.
"SPECIAL CHARGE REQUESTED CHARGE NUMBER 5
"The law considers that no man does any act without a motive for doing it ... it is not necessary to establish a motive to warrant a conviction; however, you as jurors, should be instructed that a lack of motive may properly be considered as a circumstance mitigating against specific intent."