414 So.2d 364 (1982)
STATE of Louisiana
v.
Lee BRADY.
No. 81-KA-2715.
Supreme Court of Louisiana.
May 17, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Brett Grayson, Asst. Dist. Attys., for plaintiff-appellee.
Jim Hrdlicka and David Randall Buckley, Baton Rouge, for defendant-appellant.
PHILIP C. CIACCIO, Justice Pro Tem.[*]
The defendant, Lee Brady, was charged with the crimes of second degree battery and simple robbery. R.S. 14:34.1 and R.S. 14:35. He was found guilty, after trial by jury, of both charges and sentenced to five years at hard labor on each count, to run concurrently.
On August 27, 1980, at approximately 11:00 p. m., Edward Stevenson, the victim, was inside a bar, known as "The Disco Place." The bar is located at 101 Riverside in Baton Rouge, Louisiana. At the time, Stevenson boasted to a few patrons that he had just been released from jail on bond. He spoke of how much money it took to obtain his release. As the victim was leaving the bar, a group of individuals grabbed him and began beating him outside the bar. The group proceeded to remove the victim's clothes and rifle his pockets. Stevenson was severely beaten about the face and upper torso. The incident was witnessed by Lonnell Brister. He had stopped, in his automobile, for a red light, in the vicinity of the incident. He observed the defendant, Lee Brady, hitting and kicking Stevenson on the ground. He also noted that the victim's pockets had been turned inside out. Lonnell Brister notified the police and returned to the scene where he positively *365 identified the defendant as the individual who had assaulted Edward Stevenson.
On appeal, the defendant relies on five assignments of error. He only argues and briefs assignments of error numbers 4 and 5. The remaining assignments are considered abandoned. State v. Gardette, 352 So.2d 212 (La.1977).
In assignment of error numbers 4 and 5, the defendant contends that the trial court erred in denying a motion for a new trial as the verdict was contrary to the law and the evidence. More particularly, the defendant argues that the state failed to prove beyond a reasonable doubt that Lee Brady was the perpetrator of the crimes charged.
In any criminal prosecution, the state must sustain the heavy burden of proving every element of the crime charged beyond a reasonable doubt. R.S. 15:439, State v. Hollingsworth, 337 So.2d 461 (La. 1976).
In reviewing the denial of a new trial based upon insufficiency of the evidence, the Supreme Court must determine whether, after reviewing the evidence in a light which is most favorable to the prosecution, any rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 433 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Stewart, 400 So.2d 633 (La.1981). Under this rationale, the state is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Long, 408 So.2d 1221 (La.1982).
On appeal, the defendant attacks the testimony of three state witnesses: Lonnell Brister, Larry Ricks and Police Officer, William Rose. In discussing the testimony of the several witnesses, the defendant concludes that the evidence presented by the state merely shows that Lee Brady was in the area where the crime was committed at the time of the crimes' commission and that he was wearing clothing similar to several other people who were also present.
The defendant points to the fact that on cross examination, the state's eye witness, Lonnell Brister, admitted that there were other people in the group dressed like the defendant and he was not certain whether those individuals had the same physique as the defendant. It is noteworthy, however, that this witness positively identified the defendant as Stevenson's assailant, both at the scene of the incident and in court. The identification was based not only on the defendant's attire, but also upon his physical appearance. This witness testified that the defendant was distinctive in that he was short and muscular, while the rest of the group were taller and lankier.
Although Lonnell Brister did not see Lee Brady take anything from the victim's person, he did observe that there were two people standing near the victim at the time and that one was the defendant. He also saw the victim's pockets turned inside out.
The defendant stresses the fact that state witness, Larry Ricks, did not see the defendant beat the victim nor did he see the plaintiff's wallet. The purpose of Ricks' testimony was not to identify the defendant as the actual assailant, but was simply to corroborate that testimony which placed the defendant at the scene of the crime. This witness' testimony placed the defendant in the group of people outside the bar during the altercation, and he made an in-court identification of the defendant. It is worthy of note that although this witness testified that there were several individuals present who were wearing jerseys and caps similar to the defendant's, he admitted upon re-direct examination that the defendant was the only one present wearing a red jersey.
The defendant argues that Officer Rose testified that when he asked the victim the name of his assailant, he responded that it was Larry Young. The record reveals that this encounter took place while the victim was in a semi-conscious state in the hospital and that when asked the name of his assailant, the victim replied that Larry Young was a "possible" assailant.
Our review of the record convinces us that the state negated any possibility of *366 misidentification of this defendant as a perpetrator of the crime. The evidence viewed in a light which is most favorable to the prosecution would prove beyond a reasonable doubt that Lee Brady was indeed the perpetrator of the offenses for which he was convicted.
For the reasons assigned the conviction and sentence of the defendant are affirmed.
NOTES
[*] Judge H. Charles Gaudin of the Court of Appeal, Fifth Circuit and Judges Israel M. Augustine, Jr. & Philip C. Ciaccio of the Court of Appeal, Fourth Circuit participated in this decision as Associate Justices pro tempore joined by Associate Justices Calogero, Dennis, Watson, and Lemmon.