444 So.2d 1384 (1984)
STATE of Louisiana
v.
Garey Douglas RIVERS.
No. CR83-481.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
*1385 William D. Dyess, Many, for defendant-appellant.
James L. Davis, Dist. Atty., Many, Abbott Reeves, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
DOMENGEAUX, Judge.
The defendant, Garey Douglas Rivers, was charged with two counts of simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2. On November 17, 1982, the first day of trial, the defendant attempted to tender a plea of guilty through a plea bargain arrangement with the District Attorney's office. The trial judge refused to accept the defendant's guilty plea because he felt it was not made "knowingly and intelligently."
Trial was commenced on November 18, 1982, and on November 20, 1982, the jury returned a verdict of guilty to both counts of simple burglary of an inhabited dwelling.
On December 17, 1982, a hearing was had on defendant's motion for a new trial. *1386 The motion was denied. On March 15, 1983, the defendant was sentenced to serve five years at hard labor on each count, to run consecutively, with the first year of each sentence to be served without benefit of parole, probation, or suspension of sentence.
ASSIGNMENTS OF ERROR
The defendant alleges three assignments of error. Defendant contends in assignments of error numbers one (1) and two (2) that the trial court erred in allowing the district attorney, during voir dire, to tell the jury that this crime did not require specific intent and thus the prosecutor shifted the burden of proof to the defendant by implying that he must prove the lack of specific intent. The defendant also argues that it was error for the trial judge to reject the defendant's plea of guilty to a lesser offense thus violating the defendant's right to plea bargain.
ASSIGNMENTS OF ERROR NOS. 1 AND 2.
The defendant argues by these assignments that the court erred in allowing the district attorney, during voir dire of prospective jurors (1) to shift the burden of proof to the defendant by implying that the defendant must prove the lack of specific intent and (2) to tell the jurors that specific intent was not an element of the crime.
The State must prove, beyond a reasonable doubt, the essential elements of the crime with which the defendant is charged. State v. Brady, 414 So.2d 364 (La.1982); State v. Hollingsworth, 337 So.2d 461 (La.1976); State v. Moore, 432 So.2d 209 (La.1983). The defendant herein is charged with two counts of violating La.R.S. 14:62.2, which reads:
"Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60."
Thus, the three elements which the state must prove in order to convict the defendant are: (1) an unauthorized entry of (2) an inhabited dwelling and (3) the specific intent to commit a felony or theft therein. There was no question in the trial below that the first two elements were proved by the State. The defendant even admitted that the State would have no problem proving that the defendant entered the premises without authorization, took possession of goods which did not belong to him, and sold them for money.
As to the third element, the defendant claimed that he would offer proof that he was under the influence of drugs or alcohol when the crimes were committed.
At issue is the district attorney's question to a prospective juror concerning the defendant's burden of proof for his claim of intoxication:
"By Mr. Breedlove: [Assistant District Attorney]
Q. Mrs. Hines, do you know who would have the burden of proving that this defendant might have been in such an intoxicated condition that intent could be precluded?
A. Mr. Dyess [Defense Counsel] probably.
Q. I can assure you there's no probably to it. You understand that if the defendant wants to hide behind an affirmative defense and say ...."
At this point the defendant objected. The judge, district attorney, and defense counsel then adjourned to the judge's chambers for resolution of the issue out of the presence of the jury. When the three returned to open court the judge gave the following instruction to the prospective jurors:
"You are instructed that in all criminal cases, the state must prove every element of the crime charged or of a crime included therein beyond a reasonable doubt. The burden of proof is always on the state. The defendant does not have the burden of calling any witnesses or introducing any evidence. The state has the burden of proving beyond a reasonable doubt that the defendant had the specific intent or special knowledge required for the offense charged."
*1387 Though there was disagreement between the judge, the district attorney, and defense counsel, as evidenced by the exchange in chambers discussing the issue, the law is clear that intoxication may be an affirmative defense to a crime requiring specific intent and that the burden of proving intoxication rests on the defendant. La.R.S. 14:15. The Second Circuit explained this burden in State v. Gipson, 427 So.2d 1293 (La.App. 2nd Cir.1983):
"La.R.S. 14:15, providing that intoxication may be a defense to a crime requiring the presence of a specific criminal intent is located in that subpart of the Louisiana Criminal Code dealing with the subject of criminal culpability. Therefore, intoxication is in the nature of an affirmative defense to a criminal charge and the burden is upon the defendant to prove the existence of that condition at the time of the offense." Gipson, at 1298.
Thus, the district attorney made a correct statement regarding the defendant's burden of proof. When the defendant alleges intoxication, it is comparable to an affirmative defense, so that he must establish that his state of mind at the time of the alleged crime was such as to preclude the formation of a specific intent to commit the crime charged.
However, even if the district attorney's remarks had amounted to an erroneous shifting of the burden of proof, that misstatement of the law was rendered harmless by the judge's instructions to the jury both on voir dire and later at trial. State v. Holmes, 388 So.2d 722 (La.1980); State v. Burge, 362 So.2d 1371 (La.1978); State v. Brumfield, 329 So.2d 181 (La. 1976).[1] Thus, as in the cases cited, it appears that the trial judge's proper instructions to the jury avoided any prejudice which might have resulted from the alleged misstatements. State v. Messer, 408 So.2d 1354 (La.1982); Holmes, supra; Burge, supra; State v. Tolbert, 390 So.2d 510 (La. 1980); State v. Brumfield, supra; State v. Mattheson, 407 So.2d 1150 (La.1981); State v. Carthan, 377 So.2d 308 (La.1979).
Also, as in State v. Tolbert, a case closely analogous to the case sub judice, on the evidence presented the jury could have reasonably believed that the defendant entered these homes with the specific intent to commit a theft or felony therein;
"a great deal of credit should be accorded to the good sense and fairmindedness of jurors who have heard the evidence and who know what was and what was not proven."
State v. Dupre, 408 So.2d 1229, 1234 (La. 1982).
The record as observed by the trial judge during the hearing on the motion for a new trial is completely devoid of any evidence which would tend to show that the defendant was under the influence of drugs and/or alcohol at the time of the offense. Evidence was introduced to show the defendant's longstanding abuse of drugs and alcohol but no evidence was presented regarding the days in question. Thus, the defendant failed to establish a defense of intoxication to refute the prosecutor's evidence which tended to prove specific intent.
Specific intent need not be proved by direct evidence alone. Although intent is a question of fact, it need not be proven as a fact; instead it may be inferred from circumstances of transactions and actions of the accused. La.R.S. 15:445; State v. Fuller, 414 So.2d 306 (La.1982); State v. McDermitt, 406 So.2d 195 (La.1981); In Interest of Franklin, 399 So.2d 671 (La. App. 1st Cir.1981); State v. Huizar, 414 So.2d 741 (La.1982).
*1388 The district attorney showed, and it was admitted by the defendant, that Garey Rivers entered these two homes without authority, took possession of firearms, jewelry, and money while therein, and subsequently sold said items to obtain additional cash. From these circumstances, and by defendant's actions, the jury could easily have inferred that the defendant had the specific intent to commit a theft while inside these homes and did in fact commit such thefts.
The defendant offered no evidence to substantiate his claim that he acted while under the influence of drugs and/or alcohol. For the reasons stated above, assignments numbers 1 and 2 are without merit.
ASSIGNMENT OF ERROR NO. 3.
The defendant argues that the trial court erred in refusing to allow defendant to plead guilty to a lesser offense and thus violated his right to plea bargain. On the first day of trial the defendant attempted to enter a plea of guilty to one count of simple burglary of an inhabited dwelling pursuant to a plea bargain agreement with the district attorney's office. During the "Boykinization"[2] of defendant the judge asked the assistant district attorney to state the facts upon which the charge was based. After the assistant district attorney completed his narration of the facts the judge asked:
"Q. Mr. Rivers, is all of what he said substantially true and correct?"
To which the defendant responded:
"A. I guess; I don't even remember it."
The trial judge then asked the defendant:
"Q. Well, if you don't remember it, how are you going to plead guilty?"
The defendant responded:
"A. Everybody said I done it."
The trial judge then refused to accept the defendant's guilty plea as he felt it was not being made "knowingly and intelligently."
The Boykin requirements apply to the making of the plea, i.e., due process requires that the defendant understand the constitutional rights he is waiving and that such waiver is knowingly and intelligently made. Boykin, supra; State v. Martin, 382 So.2d 933 (La.1980). The requirement does not address the question of whether or not the defendant knows he is guilty or believes he is innocent. Moreover, the fact that a defendant believes that he is innocent, and makes such belief known to the court, does not preclude him from entering a guilty plea. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); State v. Martin, supra. Indeed, there would have been no error had the trial judge accepted the defendant's guilty plea, in spite of the fact that the defendant raised doubt as to whether or not he truly believed he was guilty. Alford, supra; Lynch v. Overholser, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962). Nevertheless, the United States Supreme Court has expressly refused to rule that a defendant has an absolute right to have his guilty plea accepted. Lynch, 369 U.S. at 719, 82 S.Ct. at 1072; Alford, 400 U.S. at 34-35, 91 S.Ct. at 165-166.
In Alford, there was substantial evidence before the trial court which strongly indicated that Alford was guilty as charged. Alford, 400 U.S. at 32, 91 S.Ct. at 164. But here, there was no such evidence before the Court. Moreover, there was evidence before the court regarding the defendant's substantial and longstanding abuse of drugs and alcohol which might well have proved a defense to the crime charged, and therefore may have established that the defendant could not have had the requisite specific intent.
"State and lower federal courts are divided upon whether a guilty plea can be accepted when it is accompanied by protestations of innocence and hence contains only a waiver of trial but no admission of guilt. Some courts, giving expression to the principle that `[o]ur law only authorizes a conviction where guilt is shown,'... require that trial judges reject such pleas .... But others have concluded that they should not `force any defense on a defendant in a criminal case,' particularly when advancement of the defense *1389 might `end in disaster * * *.' ... As one state court observed nearly a century ago, `reasons other than the fact that he is guilty may induce a defendant to so plead, * * * [and] [h]e must be permitted to judge for himself in this respect.'" Alford, at 33, 91 S.Ct. at 165.
In spite of this language, it seems that in the instant case the trial court properly refused the defendant's guilty plea. From the record it appears the trial court had little before it upon which to base a belief in defendant's guilt and had some knowledge of facts which might tend to prove his innocence. As the Supreme Court reasoned:
"If Alford's statements were to be credited as sincere assertions of his innocence, there obviously existed a factual and legal dispute between him and the state. Without more, it might be argued that the conviction entered on his guilty plea was invalid, since his assertion of innocence negated any admission of guilt, which, as we observed last term in Brady, is normally `[c]entral to the plea and foundation, for entering judgment against the defendant * * *.' [Brady v. U.S.] 397 U.S. [742], at 748, 90 S.Ct. [1463], at 1468 [25 L.Ed.2d 747]."
Alford, at 32, 91 S.Ct. at 165.
It should be noted that the question here is not whether a guilty plea can be accepted when accompanied by a claim of innocence, but rather, it is whether the trial court committed any error in refusing to accept such a plea. Under the particular circumstances of this case, it appears that the trial court committed no error in refusing to accept the guilty plea and requiring that a trial be had to determine the guilt or innocence of the accused. For the reasons stated above, this assignment is without merit.

DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] As to the district attorney's remarks during voir dire, it should be noted that even if the district attorney did make improper statements of the law, that does not require reversal. In Burge, the prosecutor's discussion of the insanity and intoxication defenses was clearly erroneous. But, because the judge gave the proper explanation of the law during his instructions to the jury, the court held there was no reversible error. Burge, supra. In Holmes, the court held that even though the prosecutor misstated the law of principals and the necessity of proving specific intent, there was no "reversible error where the trial court's instruction properly summarized the law." At 727.
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).