781 So.2d 682 (2001)
STATE of Louisiana, Appellee,
v.
Ronald Earl WILLIAMS, Appellant.
No. 34,370-KA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 2001.
*685 Wilson Rambo, Louisiana Appellate Project, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Brian King, Assistant District Attorney, Counsel for Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
GASKINS, J.
The defendant, Robert Earl Williams, was convicted as charged of armed robbery with the use of a firearm. He was then adjudicated a second felony offender. The defendant was sentenced to serve 60 years at hard labor, without benefit of parole, probation, or suspension of sentence, plus an additional mandatory consecutive term of five years at hard labor, without benefit of parole, probation, or suspension of sentence, because the offense was committed with a firearm. La. R.S. 14:64; 14:64.3. The sentence was ordered to be served consecutively with another sentence for armed robbery with a firearm, imposed on the same day as the present sentence.[1] On appeal, the defendant challenges his conviction and his multiple offender adjudication. He also argues that the sentence is excessive. For the following reasons, we affirm the conviction and sentence.

FACTS
The defendant was charged with the robbery of Israel Edwards while armed with a pistol. On the evening of November 14, 1999, Mr. Edwards was at a party in Shreveport with his friends, M.C. Mosely and Aurelius Wright. They prepared to leave the party in Mr. Wright's car to get more alcohol. Mr. Wright got into the driver's seat and Mr. Mosely sat down in the front passenger seat of the car. Mr. Edwards delayed entering the car in order to speak to a woman. He was standing in front of the open rear passenger's door on the driver's side. Suddenly, Mr. Edwards was grabbed from behind by a man, who placed him in a choke hold and told him: "Give me what you got." Thinking it was a joke, Mr. Edwards replied that he had no money. He was then struck on the head with a pistol and the demand was repeated. Mr. Edwards reached into his pocket, removed $30.00, and gave it to the man. The assailant then ripped a gold chain from Mr. Edwards' neck.
Mr. Mosely turned in response to feeling the car rock and saw a man hit Mr. Edwards with a gun. At trial, he identified that person as the defendant. Mr. Wright also turned when he felt the car rock. He saw Mr. Edwards pinned against the car by the defendant. Mr. Wright observed what appeared to be a necklace being ripped from Mr. Edwards' neck. Mr. Wright saw Mr. Edwards reach into his pocket and give the defendant money. At that point, Mr. Wright tried to start the *686 car and the defendant began to shoot at Mr. Wright and Mr. Mosely. Both men ran from the car and were not injured. Mr. Wright got a look at the defendant when the defendant turned his gun toward him.
Mr. Edwards broke away from the choke hold and dove into the car. At that point, Mr. Edwards turned and saw his assailant, whom he later identified in a photo lineup as the defendant. The defendant accused Mr. Edwards of shooting at him. Mr. Edwards responded that he was not shooting at him and that he had no gun. Mr. Edwards' response was apparently unacceptable. The defendant fired at Mr. Edwards approximately five times and hit him once in the upper arm. The defendant then fled. Mr. Edwards was hospitalized for four days. Other guests at the party knew the defendant and told police that "Murk," the defendant's street name, committed the offense against Mr. Edwards.
The defendant was charged by bill of information with armed robbery with a firearm and proceeded to bench trial on March 21, 2000. The defendant was found guilty as charged.

Procedural History
On March 23, 2000, a multiple offender bill of information was filed charging the defendant with being a second felony offender. The defendant had previously entered a guilty plea to possession of a Schedule II controlled dangerous substance (cocaine) and had been sentenced to serve eighteen months. A hearing was held on the multiple offender charge on April 20, 2000. The defendant was adjudicated a second felony offender. The defendant appeared before the court for sentencing on April 25, 2000. He was ordered to serve 60 years at hard labor without benefit of parole, probation or suspension of sentence, plus a consecutive sentence of five years at hard labor without benefit of parole, probation, or suspension of sentence for using a firearm in the armed robbery. The sentence was ordered to be served consecutively with an unrelated sentence for armed robbery with a firearm in No. 34,369-KA pronounced the same day. A motion to reconsider sentence was filed, alleging that the sentence was excessive and that, because the defendant was only 20 years old and had a limited education, he was unable to appreciate the criminality of his conduct. The minutes reflect that the motion was denied by the trial court on July 13, 2000. The defendant appealed his conviction and sentence, arguing that there was insufficient evidence to convict him, that the trial court erred in failing to grant a motion for judgment of acquittal (which he termed a motion for directed verdict), that the court erred in adjudicating him a second felony offender, that the court imposed an excessive sentence, and that the court failed to adequately comply with the requirements of La.C.Cr.P. art. 894.1 in imposing his sentence.[2]

SUFFICIENCY OF THE EVIDENCE
On appeal, the defendant attacks his conviction, arguing that there was insufficient evidence to support the verdict of guilty of armed robbery with a firearm. The defendant does not deny that the armed robbery occurred. Rather, he argues that there was insufficient evidence *687 to identify him as the assailant. This argument is without merit.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Hunter, 33,066 (La.App.2d Cir.9/27/00), 768 So.2d 687.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a judge or jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, 29,253 (La. App.2d Cir.4/2/97, 691 So.2d 347), writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
In cases involving a defendant's claim that he was not the person who committed the crime, under Jackson v. Virginia, supra, the state is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Brady, 414 So.2d 364 (La.1982); State v. Baker, 28,152 (La. App.2d Cir.5/8/96), 674 So.2d 1108, writ denied, 96-1909 (La.12/6/96), 684 So.2d 925. Positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Davis, 27,961 (La.App.2d Cir.4/8/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12. The trier of fact has great discretion in assessing the credibility of witnesses. State v. Ervin, 32,430 (La. App.2d Cir.9/22/99), 747 So.2d 109, writ denied, XXXX-XXXX (La.4/20/00), 760 So.2d 342. Absent internal contradictions or irreconcilable conflict with the physical evidence, the testimony of an eyewitness that he or she observed all the elements of the offense, coupled with the identification of the defendant as the culprit, is generally sufficient to support a conviction. State v. Ervin, supra.
Armed robbery is defined in La. R.S.14:64 as follows:
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.

Discussion
The defendant argues that the state failed to carry its burden of proving that he is the person who committed the offense. According to the defendant, Mr. Edwards had never seen him before and gave the name "Murk" to the police because people at the party named "Murk" as the robber. He claims that Mr. Edwards told police that the assailant had a curl in his hair and was wearing a white T-shirt. However, at trial the defendant contends that Mr. Edwards first said that, at the time of the offense, the defendant had a curl in his hair and then later said that he had his hair in braids. Mr. Wright and Mr. Mosely also said that the robber had braided hair. Mr. Wright testified that the robber was wearing a red shirt. The defendant argues that because the area was dark, the victim and his friends had been drinking, and they only saw the robber briefly, their identification of the defendant as the assailant is questionable. The defendant further argues that the inconsistencies in the testimony regarding *688 the assailant's shirt color and hairstyle make the testimony insufficient to establish that the defendant committed the offense. The record does not support the defendant's argument.
Although there is some minor discrepancy in the testimony regarding the defendant's hairstyle and the hue of his apparel at the time of the offense, these are minor inconsistencies. The record shows that the identifications of the defendant were based upon the defendant's facial features, not his hair or clothes, and the identifications were unequivocal. Mr. Edwards was asked at trial whether he was sure the defendant was the man who robbed him. He stated, "I'm positive. I'd give my life." He also testified, "When I dived in the car, I looked at his face, and paid attention to his face, and even when I picked him out of the lineup there was no hesitation or nothing. I knew who he was." Even though the defendant had a different hairstyle at the time of the offense than he had at trial, Mr. Edwards testified, "If he cut his hair baldheaded, I'd know him."
Mr. Wright testified that the defendant was the person who robbed Mr. Edwards. He stated that he based his identification on the defendant's facial features such as, "Facial hair, his tight squeezed eyes and pointed nose and his skin complexion because it is so bright."
Mr. Mosely also identified the defendant at trial as the person who robbed Mr. Edwards, stating that he had no doubt whatever that the defendant committed the robbery. Under the facts of this case, a rational trier of fact could have found beyond a reasonable doubt that the evidence, viewed in the light most favorable to the prosecution, established that the defendant committed an armed robbery of Mr. Edwards and that the defendant employed a firearm in the commission of the robbery.

MOTION FOR JUDGMENT OF ACQUITTAL
At the trial, the defendant moved for a judgment of acquittal at the close of the state's evidence. On appeal, the defendant argues that the trial judge should have granted his motion. The defendant urges the same evidentiary defects he advanced with respect to his claim of insufficiency of evidence. The defendant's argument that the trial court erred in failing to grant a judgment of acquittal is without merit.
Regarding judgments of acquittal, La. C.Cr.P. art. 778 provides:
In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of the defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
If the court denies a defendant's motion for a judgment of acquittal at the close of the state's case, the defendant may offer its evidence in defense.
The denial of a motion for acquittal may be reversed on appeal only if there is no evidence of a crime or an essential element thereof where the denial is a palpable abuse of discretion. State v. Hargrave, 411 So.2d 1058 (La.1982).
The trial judge properly denied the motion. When the state rested, the evidence was such that there was no dispute that the defendant, by force and intimidation, while armed with a dangerous weapon, took from Mr. Edwards items of value, $30.00 and a gold chain. It was also undisputed that the dangerous weapon was a firearm. The victim and two other witnesses *689 positively identified the defendant as the perpetrator. Accordingly, the state presented evidence for each element of the crime of armed robbery, including the identification of the defendant as the offender. There was no palpable abuse of discretion in denying the motion for judgment of acquittal.

HABITUAL OFFENDER ADJUDICATION
The defendant argues that the record does not contain sufficient evidence to support his adjudication as a second felony offender. Specifically, the defendant claims that exhibits filed into evidence by the state at the multiple offender hearing are not included in the record. Therefore, he argues that the record does not demonstrate that he was fully advised of his rights and that he knowingly and voluntarily waived those rights before pleading guilty to the predicate offense. These arguments are without merit.
The bill of information and the minutes from the defendant's guilty plea are included in the record on appeal. Further, the minutes demonstrate that the defendant's plea of guilty to possession of a Schedule II controlled dangerous substance was, in fact, knowing and voluntary. However, the issue of whether the guilty plea to the predicate offense was knowing or voluntary is not properly before this court for review.
Regarding habitual offender hearings, La. R.S. 15:529.1(D)(1)(b) provides in pertinent part:
Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence. [Emphasis added.]
At the habitual offender adjudication, the state offered into evidence an authenticated copy of a bill of information charging the defendant with one count of wrongful possession of cocaine in violation of La. R.S. 40:967(C). The court minute entry reflects that on October 12, 1998, the defendant appeared in court with his counsel, withdrew his former plea, and pled guilty to the charge. The minute entry also reflects that "The judge informed the defendant of his constitutional rights as per Boykin v. Alabama." At trial, the defendant registered an objection to the admissibility of the bill of information, claiming the document was not properly authenticated. The objection was overruled. The defendant did not allege an infringement of his rights or irregularity with respect to the predicate offense guilty plea. The state established that the predicate offense was a counseled guilty plea. Since the defendant did not offer evidence of an infringement of his rights or other irregularity concerning the guilty plea, no further evidence was required. State v. Shelton, *690 621 So.2d 769 (La.1993); State v. Jackson, 31,433 (La.App.2d Cir.1/20/99), 726 So.2d 1061, writ denied, 99-2250 (La.12/17/99), 751 So.2d 876; La. R.S. 15:529.1(D)(1). Therefore, the defendant may not now attack his adjudication and sentence as a second felony offender. The evidence presented was sufficient to support the defendant's adjudication as a second felony offender. Through the use of the bill of information, the court minutes and the expert testimony matching the defendant's fingerprints to those on the bill of information for the predicate offense, the state established that the defendant was a second felony offender.

EXCESSIVE SENTENCE
The defendant contends that the sentence imposed is excessive. He further urges that the trial court erred in failing to comply with the requirements of La. C.Cr.P. art. 894.1 in imposing the sentence. These arguments are without merit.
The test imposed by the reviewing court in determining the excessiveness of sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988). There is no requirement that specific matters be given any particular weight at sentencing. State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979; State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392.
A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, the court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering. State v. Guzman, 99-1528, 99-1753 (La.5/16/2000), 769 So.2d 1158. The trial judge has broad discretion and a reviewing court may not set sentences aside absent a manifest abuse of discretion.
The defendant argues that the trial court failed to consider the factors in La.C.Cr.P. art. 894.1 in imposing sentence. According to the defendant, the trial court also declined to weigh the fact that his prior felony conviction was for a nonviolent offense. He also urges that, because he was only 20 years old, his youth and lack of education impaired his ability to appreciate the criminality of his conduct.
The record clearly contains a basis for the sentence imposed. The transcripts of *691 the trial and the habitual offender hearing both factually support this sentence. At sentencing, the court, which was able to observe the defendant's youth, stated as follows:
Mr. Williams was convicted of two counts of armed robbery. Has other files pending. These armed robberies occurred out of separate events. One incident involved a shooting in which one person was shot. Defendant attempted to shoot at least one two or three other people on an open street during the course of this robbery. All of the victims in this case were unarmed and at a party. The defendant has several other files pending, which indicates to the Court that he is a serious danger to the community and that he would commit crimes if he was allowed on the street with a lighter sentence than what the Court would impose with connection with this matter.
Clearly the judge considered that there was an undue risk that the defendant would commit another crime and that he poses a serious danger to the community. La.C.Cr.P. art. 894.1(A)(1); 894.1(B)(5). These considerations, along with the factors found within the transcripts for the trial and the habitual offender hearing, provide a reasonable basis for this sentence.
Further, we do not find that the sentence imposed was excessive. Under the habitual offender adjudication, the defendant faced a minimum sentence of 49½ years and a maximum sentence of 198 years without benefit of parole, probation or suspension of sentence. The trial judge imposed a sentence of 60 years at hard labor without benefit of parole, probation or suspension of sentence. Since a firearm was used in the commission of the robbery, there was a mandatory addition of five years to be served consecutively and without benefit of parole, probation or suspension of sentence. La. R.S. 14:64.3. The sentence was ordered to be served consecutively with a sentence for an unrelated conviction for armed robbery with a firearm. The defendant was sentenced only to 10½ years above the minimum.
The defendant displayed a propensity for violence accompanied by a disregard for human life. The fact that Mr. Edwards was not killed was due only to good fortune and poor shooting by the defendant. The defendant was prepared to kill if he met resistance in his quest to rob his victim. Under these circumstances, the sentence imposed is tailored to the offender and the offense and does not shock the sense of justice or constitute a needless or purposeless imposition of pain and suffering. Therefore, the sentence is not excessive and is affirmed.

ERROR PATENT
The record fails to show that the defendant was adequately advised of the prescriptive period for seeking post-conviction relief as required by La.C.Cr.P. art. 930.8(C).[3] Although the minute entry for April 25, 2000 provides: "The court informed the defendant of his right to appeal and of his right to post-conviction relief," the minute entry does not reflect that the defendant was advised of the applicable prescriptive period. No such advice is reflected in the sentencing transcript.
This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for re-sentencing. *692 The district court is instructed to send appropriate written notice to the defendant within 30 days of the rendition of its opinion and to file proof of the defendant's receipt of such notice in the record of the proceedings.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Robert Earl Williams.
AFFIRMED.
NOTES
[1] This same day, we render an opinion addressing the defendant's conviction and sentence for an unrelated offense of armed robbery with a firearm in No. 34,369-KA. While the cases were tried on the merits separately, the habitual offender adjudications and the sentencings were combined for both cases. Although we originally consolidated these cases on appeal, we choose to render separate opinions for purposes of clarity. See State v. Williams, 34,369 (La.App.2d Cir.2/28/01), 781 So.2d 673.
[2] In his assignments of error, the defendant also complains that at the multiple offender hearing, the trial court erred in allowing into evidence the bill of information for the defendant's predicate felony offense. However, the defendant has not briefed or argued this assignment in his brief. It is therefore considered to be abandoned. URCA 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978).
[3] No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, except in certain enumerated circumstances. La.C.Cr.P. art. 930.8.