286 So.2d 638 (1973)
STATE of Louisiana
v.
Lucas McCURADY.
No. 53820.
Supreme Court of Louisiana.
December 3, 1973.
Frank J. Kenner, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
CULPEPPER, Justice Ad Hoc.
The defendant was tried and convicted of armed robbery and sentenced to serve twenty years at hard labor. He was granted an appeal to this Court.
Although several bills of exceptions were reserved during the trial, none of the bills were perfected. This is conceded by defendant. The record contains not only a reminder by the trial judge of the failure to so perfect these bills, but extension of time to do so. In spite of this, no bills were submitted or perfected.
Now, in brief filed in this Court, it is argued that a prejudicial statement was made by a police officer during his testimony at trial which indicated that this defendant had a criminal record. No objection was then made, but defendant seeks to have this Court consider this as error. The brief states:
"Defense counsel did not object to this statement as prejudicial on the grounds of emphasizing to the members of the jury the implication that the accused had a prior record. Defense counsel was aware that the Code of Criminal Procedure, *639 Article 771, provides that the trial judge can admonish the jurors to disregard any prejudicial remarks that might have been made. However, in the present case, since the accused chose not to take the stand and, had defense counsel offered an objection, which would have served only to bring the matter of prior criminal record to the attention of the jurors, the accused was denied a fair trial and is entitled to have the verdict set aside and have a new trial ordered.
"It is axiomatic that defendant is innocent until proven guilty. When the arresting officer said that some of the employees at Stratton-Baldwin, Inc. had police records, the members of the jury could not but draw an adverse inference concerning defendant's prior background."
Defendant concedes that, according to prior jurisprudence, bills of exceptions which are not perfected leave nothing for the court to review on appeal, but he urges that the lack of a timely objection was the sole manner in which the accused could minimize the damage done by the police officer's prejudicial statement.
This argument is without substance. Defendant has answered his contention in his own quotation above, for he points out that our law in Article 771 Code of Criminal Procedure provides for admonition to the jury, upon objection, to disregard prejudicial remarks.
Only perfected bills, as required by Articles 844 and 845 C.Cr.P., will be considered for the purpose of appellate review; in their absence, we are limited on appeal to a review of the pleadings and proceedings for discoverable error. State v. Farner, 284 So.2d 573, No. 53,684 on the docket of this Court handed down on October 29, 1973, and the cases therein cited; State v. Robertson, 274 So.2d 707 (La. 1973). We find none.
For the reasons assigned, the conviction and sentence are affirmed.