# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1541


**STATE OF LOUISIANA**

**VERSUS**

**MICHAEL WAYNE WILSON**


************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 6455-01,
HONORABLE ROBERT WYATT, DISTRICT JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.


**CONVICTIONS AFFIRMED. SENTENCES AFFIRMED IN PART AND VACATED IN PART AND REMANDED WITH INSTRUCTIONS.**

**Carla S. Sigler**
**Assistant District Attorney**
**Fourteenth Judicial District**
**Post Office Box 3206**
**Lake Charles, LA 70602**
**(337) 437-3400**
**COUNSEL FOR:**
    **State of Louisiana**

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**Post Office Box 719**
**Rayville, LA 71269**
**(318) 728-2043**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Michael Wayne Wilson**

PETERS, J.

The defendant, Michael Wayne Wilson, appeals his convictions for armed robbery, a violation of La.R.S. 14:64, and second degree battery, a violation of La.R.S. 14:34.1, and appeals the sentences imposed. For the following reasons, we affirm the convictions and the sentence imposed for the second degree battery conviction. We vacate the enhancement sentence imposed for the armed robbery conviction and remand this matter to the trial court with instructions.

The State of Louisiana (state) originally charged the defendant by bill of information with one count of armed robbery and one count of aggravated battery, a violation of La.R.S. 14:34. At trial, the jury found the defendant guilty of armed robbery and second degree battery, a verdict responsive to a charge of aggravated battery. La.Code Crim.P. art. 814(A)(14). At the sentencing hearing, the trial court sentenced the defendant to serve ten years at hard labor on the armed robbery conviction and added an additional five years to that sentence based on the enhanced penalty provisions of La.R.S. 14:64.3. The trial court ordered that the additional five years be served without benefit of parole, probation, or suspension of sentence and ordered that it be served consecutively with the ten-year sentence. With regard to the second degree battery conviction, the trial court ordered that the defendant serve two years at hard labor and ordered that this sentence run concurrently with the other sentences. The defendant timely perfected this appeal, asserting two assignments of error.

*Assignment of Error Number One*

In his first assignment of error, the defendant asserts that the evidence failed to establish his guilt beyond a reasonable doubt. In asserting this assignment of error, the defendant does not assert that the offenses did not occur. Rather, he argues that

the evidence failed to establish beyond a reasonable doubt that he was the person who committed the offenses. Additionally, he argues that the evidence presented by the state failed to establish beyond a reasonable doubt all the elements of second degree battery.

When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983).

The evidence establishes that in the early morning hours of January 19, 2001, John Edward Scott, Jr., exited Festival City, a Calcasieu Parish nightclub and, while waiting for a friend to pick him up, was physically attacked and robbed of numerous personal belongings. Joseph Lastrapes, a former Calcasieu Parish Sheriff's Deputy, testified that at approximately 3:30 a.m., he responded to a call from Festival City. When he arrived on the scene, he observed Mr. Scott dressed only in a T-shirt, boxer shorts, and white socks, with a watch on his arm. According to Deputy Lastrapes, Mr. Scott was bleeding from the face and had significant blood on both his face and chest. In response to his questions, Mr. Scott informed Deputy Lastrapes that he had been robbed by three men. Concerning the particulars of the robbery, the deputy testified:

> He told me that he was at Festival City to go and have a few drinks - - or a drink - - and he said he was waiting on some friends, and a vehicle drove in the parking lot and he said he thought that it was friends - - the friends that he was waiting on. He went to approach and stated that he observed that is [sic] was not, at which time the - - then two of the three occupants then exited the vehicle. And that's when they

2

got in a fight. He said he started to defend hisself [sic] and one of the subjects pulled out a weapon and struck him across the left side of the face.

Mr. Scott identified the man who struck him with the weapon as an individual he knew only as Michael Wayne. He indicated to Deputy Lastrapes that he did not know the man's last name. When Mr. Scott rejected any additional medical attention, Deputy Lastrapes transported him to the Sheriff's office to meet with the investigator assigned to the case.

Calcasieu Parish Sheriff's Detective Steve Rathjen took over the investigation when Mr. Scott arrived at the Sheriff's office on the morning of January 19, 2001. He observed that Mr. Scott was attired just as described by Deputy Lastrapes and further observed that Mr. Scott had a wound on the left side of his face. Detective Rathjen then took a statement from Mr. Scott and had him participate in an attempt to identify the man he had described as Michael Wayne through a photographic lineup. According to the detective, Mr. Scott selected the defendant from the photographic lineup, identifying him as one of the men who attacked him. This occurred at approximately 6:35 a.m. on the same morning as the incident.

Mr. Scott testified that a friend dropped him off at Festival City on January 18, 2001, shortly before midnight. After consuming a few drinks, he went outside of the nightclub to use the pay telephone to call his friend to come and pick him up. As he waited outside the nightclub for his friend, a vehicle pulled into the parking lot, and three men dressed in black and wearing hooded sweatshirts exited the vehicle and approached him. Mr. Scott testified that the men told him that they wanted his "belongings" and that the defendant told him to "Give it up b_ _ _ _." He took a swing at one of the men, and, as he tried to retreat by walking away, the men attacked

3

him. According to Mr. Scott, the defendant produced a pistol, which he [Mr. Scott] described as a 9 mm, and struck him on the left temple. Mr. Scott was dazed or knocked out from the blow, and the three men began removing his clothing. Mr. Scott testified that they took his pants, jacket, shirt, shoes, a chain with a medallion, his wallet containing $50.00 to $60.00, and a Washington Marion class ring.

Of the three men, Mr. Scott could identify only one, the defendant. He testified that he saw the defendant's face during the attack and recognized his voice. According to Mr. Scott, he had no personal relationship with the defendant but knew him from the past and knew his brother, Donald. Not only did Mr. Scott identify the defendant from the photographic lineup, but he also pointed him out twice at trial as being one of the men who attacked him.

The defendant testified at trial. In doing so, he denied having attacked and robbed Mr. Scott on January 19, 2001. He further testified that, while he knew Mr. Scott vaguely, he had not spoken to him since he was in the eighth grade.

> As a general matter, when the key issue is the defendant's identity as the perpetrator, rather than whether the crime was committed, the state is required to negate any reasonable probability of misidentification. *State v. Smith*, 430 So.2d 31, 45 (La.1983); *State v. Brady*, 414 So.2d 364, 365 (La.1982); *State v. Long*, 408 So.2d 1221, 1227 (La.1982). However, positive identification by only one witness is sufficient to support a conviction. *See State v. Mussall*, 523 So.2d 1305, 1311 (La.1988) (generally, one witness's positive identification is sufficient to support the conviction); *State v. Ford*, 28,724 (La.App.2d Cir.10/30/96), 682 So.2d 847, 849-50, *writ denied*, 99-0210 (La.5/14/99), 745 So.2d 12.

*State v. Neal*, 00-0674, p. 11 (La. 6/29/01), 796 So.2d 649, 658, *cert. denied*, 535 U.S. 940, 122 S.Ct 1323 (2002) .

As is the case in all criminal prosecutions, identity is only one of the elements to be established beyond a reasonable doubt. With regard to the offense of armed robbery, La.R.S. 14:64 defines it as "the taking of anything of value belonging to

4

another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." Therefore, after viewing the evidence in the light most favorable to the prosecution in the matter now before us, we conclude that a rational trier of fact could have concluded that the defendant was one of the persons who took things of value from Mr. Scott in the early morning hours of January 19, 2001, and did so by the use of force while armed with a dangerous weapon, to wit, a pistol. Therefore, we find no merit in the defendant's argument that the state failed to establish his identity beyond a reasonable doubt.

In the second prong of this assignment of error, the defendant asserts that the state failed to prove all elements of the offense of second degree battery. Specifically, the defendant asserts that the state failed to offer any evidence of extreme physical pain, loss of consciousness, disfigurement, or permanent disability.

That portion of La.R.S. 14:33 applicable to the matter now before us provides that a "[b]attery is the intentional use of force or violence upon the person of another." Second degree battery is defined in La.R.S. 14:34.1 as "a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury." The statute further defines "serious bodily injury" as "bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the functions of a bodily member, organ, or mental faculty, or a substantial risk of death."

In making his argument, the defendant ignores the fact that he was first charged with aggravated battery and convicted of a verdict responsive to that charge. This court, in *State v. Charles*, 00-1611, p. 5 (La.App. 3 Cir. 5/9/01), 787 So.2d 516, 519, *writ denied*, 01-1554 (La. 4/19/02), 813 So.2d 420, noted that "[i]n *State ex rel.*

5

*Elaire v. Blackburn*, 424 So.2d 246 (La.1982), *cert. denied*, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983), the court held that compromise verdicts are permissible, so long as the evidence supports either the verdict given or the original charge." Therefore, this court need not decide whether the evidence supports the verdict of second degree battery if we find that the evidence adduced at trial supports the offense of aggravated battery.

An "[a]ggravated battery is a battery committed with a dangerous weapon." La.R.S. 14:34.

> To convict a defendant of aggravated battery, the prosecution must prove that the defendant intentionally used force or violence upon the victim, that the force or violence was inflicted with a dangerous weapon and that the dangerous weapon was an instrumentality used in a manner likely to cause death or great bodily harm.

*State v. Freeman*, 01-997, p. 3 (La.App. 3 Cir. 12/12/01), 801 So.2d 578, 581.

Mr. Scott testified that the defendant struck him in the temple with a pistol, knocking him to the ground and causing him to be dazed or unconscious. Both Deputy Lastrapes and Detective Rathjen testified concerning Mr. Scott's bloody condition on the early morning hours of January 19, 2001. Although the state introduced no medical records to establish the degree of damage inflicted on Mr. Scott, we find that the evidence is sufficient to support the original charge of aggravated battery. *See State v. Gordon*, 00-1013, 01-0734 (La.App. 5 Cir. 11/27/01), 803 So.2d 131, *writs denied*, 02-0362 (La. 12/19/02), 833 So.2d 336, 02-0209 (La. 2/14/03), 836 So.2d 134. Therefore, we find that this argument has no merit.

### *Assignment of Error Number Two*

6

In this assignment of error, the defendant asserts that the trial court imposed an excessive sentence upon him when it sentenced him for the armed robbery.[1] Before considering this assignment of error, we have reviewed the record for errors "discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence," as required by La.Code Crim.P. art. 920(2), and have discovered two such errors that affect the sentences imposed. Therefore, we will consider these errors patent before considering the defendant's assignment of error.

While the comments made by the trial court, the state, and defense counsel at the sentencing hearing indicate confusion concerning the exact authority for the enhancement of the armed robbery sentence, it is clear from the record that the trial court enhanced the defendant's armed robbery sentence by five years. We note that the authority for any enhancement, if available, lies in either La.Code Crim.P. art. 893.3 or La.R.S. 14:64.3. At the sentencing hearing, the state initially argued that the defendant should be sentenced under the provisions of La.Code Crim.P. art. 893.1. Then, as the hearing progressed, the state suggested that La.R.S. 14:64.3 applied to the armed robbery conviction. For the following reasons, we find that neither referenced provision nor La.Code Crim.P. art. 893.3 is applicable to the defendant's sentencing proceedings.

Prior to trial, the state filed a pleading wherein it gave "notice of it's [sic] intent to invoke the provisions of Article 893.1 as to any sentence imposed in this case." We first recognize that La.Code Crim.P. art. 893.1 is not the enhanced sentencing provision to which the state intended to refer, but merely provides in part that "[i]f the district attorney intends to move for imposition of sentence under the provisions of

---

[1]The defendant failed to allege that the sentence for second degree battery is excessive or to exert any argument with regard to that sentence.

7

Article 893.3, he *shall* file a motion" to that effect.[2]  (Emphasis added.)  Once the

district attorney files such a motion, the trial court is required, pursuant to La.Code

Crim.P. art. 893.2, to determine whether a firearm was used in the commission of the

felony or felonies involved.  Then, and only then, do the enhancement provisions of

La.Code Crim.P. art. 893.3 become applicable.

The state gave notice of its intent to file the appropriate motion to invoke the

enhancement penalty provisions (although in doing so, the state referred to the wrong

provision of the Code of Criminal Procedure), but the state never filed such a motion.

Louisiana Code Criminal Procedure Article 893.1 provides that the district attorney

"shall" file such a motion.  A notice of intent to do something in the future does not

equate to doing the act.  Therefore, we find that the enhancement provisions of

La.Code Crim.P. art. 893.3 may not be applied to the defendant in this matter.

At the sentencing hearing, the state made reference to La.R.S. 14:64.3 for the

first time, asserting that the defendant's sentence for armed robbery should be

enhanced pursuant to that statute which, at the time of the offense, provided:

> When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned for an additional period of five years without benefit of parole, probation, or suspension of sentence.  The additional penalty imposed pursuant to this Section shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.

This court has held that to invoke the provisions of La.R.S. 14:64.3, the statute must

be charged in the bill of information.  *State v. Daniels*, 03-1621 (La.App. 3 Cir.

5/12/04), 873 So.2d 822, *writ denied*, 04-1802 (La. 11/24/04), 888 So.2d 227.  Since

the enhancement provision of La.R.S. 14:64.3 was not charged in the bill of

---

[2]We note that prior to the amendment of La.Code Crim.P. art. 893.1 by 1988 La. Acts. No. 319,  § 1, the Article did provide for sentencing enhancement.  In fact, that same Act added La.Code Crim.P. arts. 893.2 and 893.3 to the Louisiana Code of Criminal Procedure.

information filed in the present case, the trial court was not authorized to sentence the defendant pursuant to its provisions.

Because we find that the trial court erred in enhancing the defendant's sentence, we vacate the enhancement sentence. After reaching that conclusion, we need not consider the defendant's second assignment of error as it relates only to the enhancement portion of the sentence.

In conclusion, we find it necessary to vacate the enhancement portion of the defendant's sentence for the offense of armed robbery. Additionally, we find as an error patent that the trial court failed to inform the defendant, pursuant to La.Code Crim.P. art. 930.8, of the two-year prescriptive period for filing for post-conviction relief. Therefore, we remand the matter to the trial court with instructions to comply with this requirement.

## DISPOSITION

For the foregoing reasons, we affirm the convictions in all respects and affirm the sentence imposed for armed robbery. We vacate the sentence imposed under La.R.S. 14:64.3, but affirm the remaining sentence imposed for the armed robbery conviction. We order the trial court to inform the defendant, Michael Wayne Wilson, of the two-year prescriptive period provided for in La.Code Crim.P. art. 930.8 by sending him the appropriate written notice or verbally informing him of said prescriptive period within ten days of the rendition of this opinion. If the trial court chooses to inform the defendant by written notice, it shall file in the record of the proceedings written proof that the defendant received the notice.

**CONVICTIONS AFFIRMED. SENTENCES AFFIRMED IN PART AND VACATED IN PART AND REMANDED WITH INSTRUCTIONS.**