921 So.2d 103 (2006)
STATE of Louisiana
v.
Michael Wayne WILSON.
No. 2005-K-1486.
Supreme Court of Louisiana.
February 17, 2006.
*104 PER CURIAM.
Granted. We agree with the state that it followed the requisite procedure for invoking the firearms enhancement provisions of La.C.Cr.P. art. 893.3 when it filed a written notice of its intent pursuant to art. 893.1(A) to invoke the enhancement provisions and that a second motion actually invoking those penalties was not a prerequisite for sentencing under the statute. We also agree with the state that under the circumstances of this case, the court could not amend or modify its sentence imposed under art. 893.3 in light of the enhancement provisions of R.S. 14:64.3. Accordingly, the decision of the court of appeal is vacated in part to the extent that it affirms a sentence of 10 years at hard labor on the armed robbery count without reference to either the provisions of La.C.Cr.P. art. 893.3, or La.R.S. 14:64.3. The trial court's original sentence on that count of 12 years imprisonment at hard labor "subject to the terms of Article 893.1," to run concurrently with the sentence imposed on a count of second degree battery, is reinstated. As required by La. R.S. 14:64 and La.C.Cr.P. art. 893.3(E)(2), the entirety of the sentence must run without benefit of parole, probation, or suspension of sentence, but the trial court may not, additionally, require that it also run without benefit of commutation of sentence. See State v. Weathers, 320 So.2d 892, 895 (La.1975) ("Deprivation of commutation *105 of sentence is not an authorized penalty for armed robbery. To deprive a convicted party of the right to a commutation of his sentence is, moreover, an infringement upon a constitutional prerogative of the Governor.").