981 So.2d 253 (2008)
STATE of Louisiana, Appellee
v.
Emanuel A. JOHNSON, Appellant.
No. 43,192-KA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 2008.
Louisiana Appellate Project by Paula C. Marx, for Appellant.
Jerry L. Jones, District Attorney, Neal G. Johnson, Assistant District Attorney, for Appellee.
Before BROWN, C.J., and STEWART and MOORE, JJ.
MOORE, J.
The defendant, Emanuel A. Johnson, pled guilty to the charge of armed robbery in violation of La. R.S. 14:64 in exchange for a sentencing cap of 50 years, dismissal of a second charge of attempted armed robbery, and no habitual offender bill. The court accepted the guilty plea and ordered a pre-sentence investigation. At sentencing, the defendant attempted to withdraw his guilty plea. The court refused his request, finding that the defendant's guilty plea was knowingly and voluntarily *254 entered. The court sentenced the defendant to 45 years at hard labor, without benefit of parole, probation, or suspension of sentence. The court then sentenced the defendant to serve an additional five years without benefits under La. R.S. 14:64.3, consecutive to the 45-year sentence for armed robbery, because the offense was committed with a firearm. The defendant now appeals, alleging that the trial court erred by sentencing him to an additional five years under La. R.S. 14:64.3 which was not charged in the bill of information. For the following reasons, we affirm the defendant's conviction and sentence.

FACTS
On December 11, 2004 at 10:00 a.m., the defendant entered the Citgo station located on Winnsboro Road in Monroe. According to the owner of the store and the clerk on duty at the time, the defendant purchased a pack of Newport cigarettes. After lingering around the counter, the defendant asked the clerk to make change for $5.00. Shortly thereafter, he produced a small caliber handgun and pointed it at the clerk. The defendant reached into the cash register, grabbed approximately $800 in cash, and fled the store on foot.
The defendant was captured later that afternoon after the Monroe Police Department received information from Crimestoppers. The defendant was apprehended at the local Greyhound bus station and taken into custody. Several days following his arrest, the store clerk was presented with a photographic lineup which included the defendant. The clerk positively identified the defendant as the person who robbed the store.
The defendant was charged by bill of information with attempted armed robbery, a violation of La. R.S. 14:64 and 14:27, and armed robbery, a violation of La. R.S. 14:64. On October 30, 2006, he pled guilty to armed robbery with a 50-year cap and a pre-sentence investigation. As part of the agreement, the state dismissed the attempted armed robbery charge and agreed not to file a habitual offender bill.
Prior to accepting the defendant's guilty plea, the following colloquy took place between the trial court and the defendant:
Q. . . . Also, when the dangerous weapon used in the commission of the crime of armed robbery is a firearm the offender shall be imprisoned for an additional period of five years without benefit of parole, probation or suspension of sentence. The additional penalty imposed under this part of the law must be served consecutively to the sentence imposed on the count of armed robbery. So in other words whatever you do in this case, if you were to be found guilty of armed robbery or if you want to enter a plea of guilty to armed robbery you have to get a five year hard labor sentence tacked on to whatever your sentence would be. You understand that? Because the crime here involved the use of a firearm. You understand that? (Emphasis supplied).
A. That's what the victim said. I understand what you're saying, but like I say, I understand what the procedure is and I'm going on with the procedure.
Q. Do you understand the nature of the charge, that is, do you understand the charge that you're facing here?
A. Yes, Sir.
Q. Do you understand the possible range of sentence you could face if you were to go to court and be found guilty of this charge?
A. Yes, Sir.
On January 22, 2007, the defendant was sentenced to 45 years at hard labor, without *255 benefit of parole, probation, or suspension of sentence. Because a firearm was used in the commission of the offense, he was sentenced pursuant to La. R.S. 14:64.3 to serve an additional 5 years without benefit of parole, probation, or suspension of sentence, to run consecutively to the 45-year sentence for armed robbery. A motion to reconsider sentence was filed on February 21, 2007, and denied without a hearing. This appeal ensued.

DISCUSSION
By his first assignment of error, the defendant contends that the trial court erred in sentencing him to an additional five years at hard labor pursuant to La. R.S. 14:64.3 because: 1) the bill did not allege sentencing pursuant to 14:64.3; and 2) at the time of this offense, 14:64.3 did not provide for a hard labor sentence.
The defendant argues that since the provision of La. R.S. 14:64.3 was not charged in the bill of information filed in this case, the trial court was not authorized to sentence the defendant pursuant to its provisions. The defendant further argues that it was in error for the trial court to impose a 5-year hard labor sentence prior to the effective date of the 2006 amendment of La. R.S. 14:64.3, which added the term "hard labor" to the sentencing clause of the statute.
The state argues that the bill of information clearly alleged that the offense had been committed with a gun and that the trial judge advised the defendant of the enhanced penalty when a dangerous weapon is used in the commission of an armed robbery. Thus the state argues that the defendant was given sufficient notice. The state, however, concedes that at the time of the offense, La. R.S. 14:64.3 did not provide for the enhanced penalty to be served at hard labor and should not be included in the defendant's sentence.
In State v. Daniels, 03-1621 (La.App. 3 Cir. 5/12/04), 873 So.2d 822, writ denied, 04-1802 (La.11/24/04), 888 So.2d 227, the third circuit held that to invoke the provisions of La. R.S. 14:64.3, the statute must be charged in the bill of information.[1] Similarly, in State v. Wilson, 900 So.2d 287 (La.App. 3 Cir.2005), where the enhancement provision of La. R.S. 14:64.3 was not charged in the bill of information, the third circuit held that the trial court was not authorized to sentence the defendant pursuant to its provisions. However, in State v. Wilson, 05-1486 (La.2/17/06), 921 So.2d 103 the supreme court reversed this ruling and overruled Daniels. Overruling the third circuit's holding that La. R.S. 14:64.3 must be charged in the bill of information before a trial court can impose an enhanced sentence under that statute, the Louisiana Supreme Court stated that the firearm enhancement provision of La. R.S. 14:64.3 is properly invoked when the state files a written notice of its intent to utilize La. R.S. 14:64.3, pursuant to La. C. Cr. P. art. 893.1(A).
However, in the instant case, the record does not reflect that the state filed a motion to enhance the defendant's sentence under La. R.S. 14:64.3. Instead, the court apparently decided to apply the statute on its own.
In State v. Robinson, 06-464, (La.App. 5 Cir. 12/12/06), 947 So.2d 783, the fifth circuit held that where there was no mention of the firearms enhancement statute in the bill of information and the record did not *256 show that the state provided notice to the defense of the enhancement, a trial judge cannot, on its own, enhance the defendant's sentence under La. R.S. 14:64.3.
In the instant case, the issue is whether the trial court can invoke the 5-year penalty enhancement under La. R.S. 14:64.3 on its own, where the bill of information charged the defendant only with violation of La. R.S. 14:64 (armed robbery) but charges that the dangerous weapon used was a firearm.
La. 14:64.3 states that "[w]hen the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years" without benefits and consecutive to the sentence for armed robbery.
In State v. Allen, 496 So.2d 301 (La. 1986), the supreme court held that a sentencing enhancement statute cannot be utilized by a trial judge when the prosecutor has failed to notify the defendant prior to trial of his intention to seek enhancement of the penalty by application of the enhancement statute. Allen involved former La. C. Cr. P. art. 893.1, which, at the time, required the court to impose a minimum 5-year sentence without benefits if the court makes a finding that a firearm was used in the commission of the crime.
The underlying issue in this case, as in Allen, is whether a defendant has been denied due process by a failure to receive notice that he is subject to a penalty enhancement for the use of a firearm. Our review of the record indicates that the bill of information charging that the dangerous weapon used in the armed robbery was a firearm put defendant on notice that the state intended to prove at trial that the defendant used a handgun in the commission of the crime. Indeed, during the Boykin colloquy, the defendant disputed that he possessed a handgun.
Additionally, the trial court informed the defendant prior to accepting a guilty plea from him that the court would impose the 5-year sentence enhancement. The defendant consulted with his attorney several times before ultimately tendering a guilty plea to the charge. The court could have sentenced the defendant to a 50-year hard labor sentence within the plea agreement.
For these reasons, we conclude that the defendant was not denied due process when the court, apparently on its own, applied La. R.S. 14:64.3.[2]
We also note that the 5-year sentence imposed consecutively to the 45-year hard labor sentence was not a hard labor sentence.
Accordingly, the defendant's assignments of error are without merit.

Conclusion
For the reasons stated above, the defendant's conviction and sentences are affirmed.
CONVICTION AND SENTENCES AFFIRMED.
NOTES
[1] This court also has stated that a failure to statutorily charge (as opposed to factually charge) the defendant prevents any conviction of a violation of La. R.S. 14:64.3 or any enhancement resulting therefrom. State v. Adkins, 39,724 (La.App. 2 Cir. 6/29/05), 907 So.2d 232, writ denied, 2006-2514 (La.5/4/07), 956 So.2d 607.
[2] The better practice would be for the district attorney to charge the defendant on the bill of information that the defendant did commit the armed robbery on the victim while armed with a firearm "contrary to La. R.S. 14:64 and 64.3," or file written notice in advance of trial or the guilty plea proceeding that it intends to seek enhancement of the sentence under LSA-R.S. 14:64.3.