MAX N. TOBIAS, JR., Judge.
hThe defendant, Selvin Torres-Rodriguez[1] (“Torres-Rodriguez”) has appealed his conviction on two counts of armed robbery. The court finds that the defendant’s guilty pleas and sentences must be vacated because his Boykin hearing was defective. Accordingly, we vacate the judgment and remand the matter to the trial court for another Boykin hearing.
On 5 October 2009, Torres-Rodriguez was charged by two bills of information with one count each of armed robbery while using a firearm, a violation of La. R.S. 14:64. The two counts were prosecuted together. Darbin Maurico Santos-Castro (“Santos-Castro”) was also charged with two counts of armed robbery with a firearm under a different case number. (Collectively, Torres-Rodriguez and Santos-Castro are referred to herein as “the defendants.”) Torres-Rodriguez appeared for arraignment and pleaded not guilty with the assistance of a Spanish interpreter in both cases on 17 November 2009.
|2The defendants filed motions to suppress the identifications. On 29 January 2010, the trial court denied the motions and found probable cause following a hearing.
A 23 March 2010 trial date was continued to 24-26 August 2010 and continued again later. On 3 August 2010, Torres-Rodriguez filed a motion to produce evidence for inspection, which was set for hearing on 10 August 2010. On 17 August 2010, the court ordered the production of several items, including cell phone records.[2] On 27 October 2010, a box of evidence was unsealed for inspection in open court. On 8 February 2011, the trial date was continued to 26-28 April 2011.[3]
*404 Torres-Rodriguez withdrew his pleas of not guilty on 26 April 2011, and entered pleas of guilty in both cases. His counsel also requested a presentence investigation on that date. An interpreter for Torres-Rodriguez was sworn in.[4] The trial court advised Torres-Rodriguez of his rights and accepted his guilty pleas.[5] The trial court also ordered a presentence investigation, which was conducted.
At the sentencing hearing on 24 January 2012, Torres-Rodriguez withdrew his former guilty pleas and re-entered a guilty plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976), reserving the right to appeal the trial court’s judgment |sdenying his motion to suppress evidence.[6] Counsel for Torres-Rodriguez stipulated to the trial court that Torres-Rodriguez had already been BoykinizecL and that he had no objection to the Boylcinizing process.[7] The trial court subsequently sentenced Torres-Rodriguez to thirty-five years at hard labor on each count, without benefit of parole, probation, or suspension of sentence, to run concurrently. Pursuant to La. R.S. 14:64.3, the trial court also imposed a five-year enhancement, to run consecutively. Accordingly, Torres-Rodriguez’s sentences were for a total forty years at hard labor without the benefit of probation, parole, or suspension.[8] His counsel objected to the sentence.
*405 14Torres-Rodriguez filed a motion to reconsider sentences on or about 31 January 2012 and a motion for appeal on 2 February 2012. On 6 March 2012, after a hearing, the trial court denied his motion to reconsider sentences and his counsel objected to the ruling.

ERRORS PATENT

A review of the record discloses no errors patent.

ASSIGNMENTS OF ERROR

Torres-Rodriguez has assigned two errors for review. The first assignment of error concerns the photographic lineup and subsequent identifications made by witnesses. However, because we find merit to his second assignment of error concerning the Boykin hearing, we preter-mit discussion of the first assignment.
In the second and final assignment of error, Torres-Rodriguez argues that the trial court erred in sentencing him to an additional five years under La. R.S. 14:64.3 because the court failed to advise him that it intended to impose the five-year enhancement before accepting his guilty plea.
|sThe trial court made the following remarks to Torres-Rodriguez at the Boykin hearing:
THE COURT:
All right. You are charged with a serious crime. The crime is armed robbery. I’m going to read to you the crime, the elements of the crime and the range of penalties.
Armed robbery is the taking of anything of value belonging to another person from the other person or that is in the immediate control of another person by the use of force or intimidation while armed with a dangerous weapon. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years without the benefit of parole, probation or suspension of sentence.
Do you understand the crime of armed robbery?
THE DEFENDANT:
Yes.
THE COURT:
Do you still wish to plead guilty?
THE DEFENDANT:
Yes.
La. R.S. 14:64.3 provides:
A. When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.
*406 B. When the dangerous weapon used in the commission of the crime of attempted armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be | ^served consecutively to the sentence imposed under the provisions of R.S. 14:27 and 64. [Emphasis supplied.]
Torres-Rodriguez argues that the state did not charge him with a violation of La. R.S. 14:64.3 in the bill of information, but only charged him with armed robbery under La. R.S. 14:64. He further argues that the state did not file a notice of intent to invoke the provisions of La. R.S. 14:64.3. Further, he contends that he objected to the five-year enhancement in his motion to reconsider sentences and at the hearing on the motion, but that the trial court denied his motion to reconsider.
Torres-Rodriguez acknowledges that in State v. Lewis, 03-1234 (La.App. 4 Cir. 6/2/04), 876 So.2d 912, this court found that the state’s failure to invoke the enhancement provisions of La. R.S. 14:64.3 prior to trial was not an error patent and did not violate the defendant’s due process rights:
La. R.S. 14:64.3 provides that “[w]hen the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned for an additional period of five years without benefit of parole, probation, or suspension of sentence.” (Emphasis added.) Although it may be arguable that the State’s failure to move to have this provision invoked prior to the trial in some cases is an error patent, we do not find that it was in this case. The indictment in this case charged Mr. Lewis with committing an armed robbery while armed with a gun. Therefore, we do not find that the State’s failure to invoke the sentence enhancement provisions of La. R.S. 14:64.3 prior to Mr. Lewis’ conviction violated his right to due process. The jury was certainly aware that the armed robbery of which Mr. Lewis was accused was committed with a firearm, since the irrefutable evidence presented at trial showed that victim was shot twice.
Id., p. 10 n. 3, 876 So.2d 917 n. 3 [emphasis supplied].[9]
Torres-Rodriguez also recognizes that in State v. Johnson, 43,192, p. 1 (La.App. 2 Cir. 4/30/08), 981 So.2d 253, the Second Circuit found that the state’s failure to invoke the sentence enhancement provisions of La. R.S. 14:64.3 did not violate a defendant’s due process rights because the defendant entered his guilty plea knowingly and voluntarily. In Johnson, the defendant pled guilty to armed robbery after reaching an agreement that (a) sentencing would be capped at fifty years; (b) a second armed robbery charge would be dismissed; and (c) he would not be charged as a habitual offender. The Johnson court recognized that before the trial court ac *407 cepted the defendant’s guilty plea, the following colloquy occurred:
Q. ... Also, when the dangerous weapon used in the commission of the crime of armed robbery is a firearm the offender shall be imprisoned for an additional period of five years without benefit of parole, probation or suspension of sentence. The additional penalty imposed under this part of the law must be served consecutively to the sentence imposed on the count of armed robbery. So in other words whatever you do in this case, if you were to be found guilty of armed robbery or if you want to enter a plea of guilty to armed robbery you have to get a five year hard labor sentence tacked on to whatever your sentence would be. You understand that ? Because the crime here involved the use of a firearm. You understand that?
Is A. That’s what the victim said. I understand what you’re saying, but like I say, I understand what the procedure is and I’m going on with the procedure.
Q. Do you understand the nature of the charge, that is, do you understand the charge that you’re facing here?
A. Yes, Sir.
Q. Do you understand the possible range of sentence you could face if you were to go to court and be found guilty of this charge?
A. Yes, Sir. [Emphasis supplied].
Id., pp. 2-3, 981 So.2d at 254.
The trial court in Johnson had refused the defendant’s subsequent request to withdraw his guilty plea at sentencing based upon a finding that the plea was knowingly and voluntarily entered. Id., p. 1, 981 So.2d at 253-54. After the defendant was sentenced, the trial court imposed the additional five-year sentence enhancement pursuant to La. R.S. 14:64.3.
On appeal, the defendant argued that La. R.S. 14:64.3 was not charged in the bill of information. The Johnson court recognized that the state did not file a motion to enhance the defendant’s sentence pursuant to La. R.S. 14:64.3; rather, “the [trial] court apparently decided to apply the statute on its own.” Id., p. 5, 981 So.2d at 255. In determining that the defendant’s due process rights had not been violated by the trial court’s application of La. R.S. 14:64.3, the court held:
In State v. Allen, 496 So.2d 301 (La.1986), the supreme court held that a sentencing enhancement statute cannot be utilized by a trial judge when the prosecutor has failed to notify the defendant prior to trial of his intention to seek enhancement of the penalty by application of the enhancement statute. Allen involved former La. C. Cr. P. art. 893.1, which, at the time, required the court to impose a minimum 5-year sentence without benefits if the court makes a finding that a firearm was used in the commission of the crime.
laThe underlying issue in this case, as in Allen, is whether a defendant has been denied due process by a failure to receive notice that he is subject to a penalty enhancement for the use of a firearm. Our review of the record indicates that the bill of information charging that the dangerous weapon used in the armed robbery was a firearm put defendant on notice that the state intended to prove at trial that the defendant used a handgun in the commission of the crime. Indeed, during the Boy-kin colloquy, the defendant disputed that he possessed a handgun.
Additionally, the trial court informed the defendant prior to accepting a guilty plea from him that the court would impose the 5-year sentence enhancement. The defendant consulted with his attor *408 ney several times before ultimately tendering a guilty plea to the charge.
Id., pp. 5-6, 981 So.2d at 256.
Torres-Rodriguez argues that the Second Circuit subsequently distinguished Johnson in State v. Willis, 45,857, p. 21 (La.App. 2 Cir. 12/15/10), 56 So.3d 362, 370-71, wherein the court found that the trial court erroneously imposed the penalty enhancement of La. R.S. 14:64.3 “where the state neither statutorily charged the defendant with a violation of R.S. 14:64.3, nor filed notice of its intent to invoke the provisions of that statute.” The Willis court indicated that it distinguished the case from the facts in Johnson “on grounds that the defendant in [Johnson ] was convicted by virtue of a plea bargain that included a sentencing cap.” State v. Willis, 45,857, p. 22, 56 So.3d at 371. The Willis court concluded:
The sentence imposed [in Johnson ], including the enhancement, was within the sentencing cap. We held that there was no due process violation under the particular facts of that case because the bill of information charged that the dangerous weapon used in the armed robbery was a firearm and, significantly, during the Boykin colloquy, prior to accepting the defendant’s guilty plea, the court informed the defendant that it intended to impose the five-year sentence enhancement and the defendant had an opportunity to | indiscuss the matter with his attorney. Although we concluded that Johnson was not denied due process, we noted in the opinion that “[t]he better practice would be for the district attorney to charge the defendant on the bill of information that the defendant did commit the armed robbery on the victim while armed with a firearm ‘contrary to La. R.S. 14:64 and 64.3,’ or file written notice in advance of trial or the guilty plea proceeding that it intends to seek enhancement of the sentence under LSA-R.S. 14:64.3.”

Id.

Additionally, Torres-Rodriguez argues that his cases are not analogous to Lewis or Johnson because he pleaded guilty, and the trial court did not advise him before accepting his guilty pleas that it planned to add the five-year enhancement. Therefore, he contends that the five-year enhancement should be vacated from his sentences. However, in these cases, the bill of information charged Torres-Rodriguez with “armed robbery ... with the use of a fireann, in violation of 1950 LA. R.S. 14:64.” [Emphasis supplied.]
Notably, in State v. King, 06-1903, p. 7 (La.10/16/07), 969 So.2d 1228, 1232, the Court determined that “[t]he addition of the penalty for use of a firearm in the commission of an armed robbery, as well as the subsequent amendments to the statute,[10] indicates the legislature’s intent to enhance the penalty when a firearm is used in the commission of the armed robbery or attempted armed robbery by providing the additional five-year penalty to be served consecutively to the sentence imposed under the provisions of LSA-R.S. 14:64.” Furthermore, although the trial court did not advise Torres-Rodriguez of the enhancement provisions of La. R.S. 14:64.3 during the Boykinizing process, counsel for Torres-podriguezn appears to have stipulated that Torres-Rodriguez had been properly Boykinized before sentencing.
However, in this case, unlike in Johnson, the trial court did not advise Torres-Rod *409 riguez specifically of the five-year enhancement prior to accepting Torres-Rodriguez’s guilty pleas or before sentencing. We find that this omission violated Torres-Rodriguez’s due process rights. The proper remedy is to vacate Torres-Rodriguez’s pleas and sentences in their entirety and remand the matter to the trial court so that the trial court can conduct another Boykin hearing in each case and resen-tence him. We note that under this scenario, if Torres-Rodriguez withdraws his guilty pleas, he might face terms of imprisonment of ninety-nine years. See La. R.S. 14:64 (“[w]hoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.”).

CONCLUSION

For the foregoing reasons, we vacate Torres-Rodriguez’s guilty pleas and sentences because the trial court did not specifically advise Torres-Rodriguez of the mandatory La. R.S. 14:64.3 five-year enhancement prior to accepting his pleas; we remand the matter for another Boykin hearing.
VACATED AND REMANDED.

.It is apparent that the defendant's actual name is "Selvin Torres-Rodriguez,” although he was charged as “Selvin Torres Rodriguez.”

. The trial court also ordered inspection of the crime scene on 25 August 2010.

. Also on that date, the trial court ordered that the defense provide the state with the *404 DNA test results. At the Boykin hearing, the Assistant District Attorney stated that "[tjhere’s the issue of the donut or the pastry and the cup that have all gone through DNA testing that supports this guilty plea.”

. Torres-Rodriguez testified that he had no trouble with the interpreter’s translations. Additionally, his counsel agreed with the state’s assertion that everything had been translated fairly and that he "did not give any appearance of him being confused by anything that the State of Louisiana said,” and his counsel stipulated that "[tjhere was a translator [sic] present for all communications between counsel as well, and the court accepted the translator [sic].”

. Torres-Rodriguez was advised of his rights through the interpreter.

. At that hearing, counsel for Santos-Castro filed a motion to exclude the application of La. R.S. 14:64.3. The motion was denied.

. The following colloquy occurred between counsel for Torres-Rodriguez and the trial court:
THE COURT:
I want you to state for the record you have no objection to the Boykin process and your client has no objection.
[COUNSEL FOR DEFENDANT]:
I believe he was properly Boykined as he pled to armed robbery. One of the issues, as — I believe he was billed under armed robbery and as a principal to armed robbery.
THE COURT:
Two counts.
[COUNSEL FOR DEFENDANT]:
Two counts. He was Boykined that day, and we also advised him pursuant to P[a]d-illa versus Kentucky, we would allow that Boykin and not have no [sic] objection as to the State—
THE COURT:
You just wanted to make sure it was clear to this Court — if it wasn't at [the] time of Boykin — that the guilty pleas was [sic] also pursuant to Crosby as well?
[COUNSEL FOR DEFENDANT]:
It's a Crosby plea.

.The trial court explained its reasons for sentencing:
You committed the crime of armed robbery. You pled guilty to two counts of armed robbery against two individuals who live in this parish. Guns were pulled. Guns were put to their heads. Each of them thought they would die on that day.
The victims, Baker Jaber and Amani Ja-ber, sit in my mind, and I think about them. Amani Jaber is a very young lady helping her father in a family restaurant. Mr. Rodriguez, you entered that quiet family business armed with guns with your friends, pointed guns at their heads and tied them up.
[[Image here]]
In determining the length of your sentence, how long you’ll be in jail, I will take *405 into account [that] you did not show remorse for your actions in the two years this case was litigated. In the presentence investigation that was conducted, you failed to tell the truth and you failed to take responsibility for your actions.
You participated in a violent armed robbery with guns, threatened the lives of victims, intentionally and willfully you threatened the life of a young lady who has to deal with this trauma every day of her life. You participated in, threatened the life of two innocent people, two people who were doing nothing more than working in a family business in a very friendly community. Your violent actions threatened the life, as I stated, of two people and one innocent little girl.
[[Image here]]
I will consider the fact that a firearm was used. I will consider the fact that, in this robbery, you tied up your victims. You pointed guns to their heads and you threatened to kill them.

. This court, relying in part upon Lewis in an unpublished opinion, has also recognized that:
For the firearm enhancement provisions of La. R.S. 14:64.3 to be applicable all the State has to do is allege in the bill of information charging the defendant with armed robbery that he committed the armed robbery while armed with a gun, as was done in the instant case — "WHILE ARMED WITH A DANGEROUS WEAPON, TO WIT: HANDGUN, ROBBED JAMES BRANCH....” State v. Lewis, 2003-1234, p. 10, n. 3 (La.App. 4 Cir. 6/2/04), 876 So.2d 912, 917, n. 3.
State v. Hayes, 07-1280, p. 3 n. 3 (La.App. 4 Cir. 5/28/08), unpub., 983 So.2d 1033 (Table), 2008 WL 8922917 [emphasis supplied].

. La. R.S. 14:64.3 was amended in 1999 to provide that a defendant be imprisoned for “an additional five years” when a firearm is used in commission of the crime of armed robbery, and again in 2006 to provide that the sentence be served "at hard labor.” State v. King, 06-1903, p. 7, 969 So.2d at 1231-32 (emphasis in original).